Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONNA L. SCHULTZ, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>EXECUTIVE CREDIT MANAGEMENT, INC.; DONALD MELTZ; BARBARA MELTZ; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Donna L. Schultz, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendants, Executive Credit Management, Inc., Donald Meltz, Barbara Meltz and John Does 1 to 10 states:

## I.   NATURE OF THE ACTION

1.   This action for damages arises from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III.     PARTIES

4.      Plaintiff, Donna L. Schultz ("Plaintiff" or "Schultz"), is a natural person.

5.      At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New Jersey and resided in Bergen County, New Jersey.

6.      Defendant, Executive Credit Management, Inc. ("ECM"), is a collection agency with a principal place of business located at 4 Waterloo Road, Stanhope, NJ 07874.

7.      Defendant, Donald Meltz ("Mr. Meltz"), is the president of ECM.

8.      Defendant, Barbara Meltz ("Ms. Meltz"), is the secretary of ECM.

9.      Plaintiff is informed and believe, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### IV.     FACTS

**A. Background and Business Model**

10.     Defendants are not in the business of extending credit, selling goods or services to consumers.

11.     Defendants regularly collect or attempt to collect debts that are past due.

12. Defendants regularly collect or attempt to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

13. Defendants are in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

14. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

15. At all times relevant hereto, Mr. Meltz, as a principal owner, officer, director, shareholder, and/or managing partner of ECM, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of ECM complained of herein.

16. At all times relevant hereto, Ms. Meltz, as a secretary of ECM, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by herself and other employees of ECM complained of herein.

17. Defendants have asserted that Plaintiff allegedly incurred or owed a certain financial obligation arising out of a medical account ("Debt" or "Account").

18. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

19. The Account was assigned to Defendants for collection.

20. Defendants contend that the Account is past due and in default.

21. The Account was past due and in default at the time it was placed with or assigned to Defendants for collection.

22. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on May 8, 2017 (the "ECM Letter").

23. A true copy of the ECM Letter, but with redactions, is attached as **Exhibit A**.

24. Plaintiff received and reviewed the ECM Letter.

25. The ECM Letter was mailed in an envelope with transparent windows.

26. Being sent in a window envelope, ECM's business name was visible through the window of the envelope.

27. The name of the collection agency has the potential to cause embarrassment to the consumer.

28. Defendants could have easily taken measures to prevent their name from being visible through the window envelopes but chose not to do so.

29. The FDCPA prohibits a debt collector from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, **except that a debt collector may use his business name *if* such name does *not* indicate that he is in the debt collection business**."[1]

30. Revealing ECM's name has the capability of causing shame and embarrassment to a consumer and directly implicates and controverts individual privacy concerns which are a core concern animating the FDCPA.[2]

---

[1] 15 U.S.C. § 1692f(8) (emphasis added).
[2] 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal

31. Defendants have violated section 1692f(8) of the FDCPA as to the Plaintiff and the members of the Class hereinafter defined, by disclosing their name through the envelope window.[3]

## V. POLICIES AND PRACTICES COMPLAINT OF

32. Defendants used the same procedures it used in sending the ECM Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

33. It is Defendants' policy and practice to send written collection communications, in an attempt to collect consumer debts, which unlawfully exposed the name of their business name to the public.

## VI. CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

36. Subject to discovery and further investigation which may cause Plaintiff to expand restrict or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

---

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.")
[3] *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302, 306 (3d Cir. 2014); *Berry v. ARS Nat'l Servs.*, No. 15-1529, 2015 U.S. Dist. LEXIS 171043 (E.D. Pa. Dec. 23, 2015); *Palmer v. Credit Collection Servs.*, No. 15-1681, 2015 U.S. Dist. LEXIS 171039 (E.D. Pa. Dec. 22, 2015); *Link v. ARS Nat'l Servs.*, No. 15-643, 2015 U.S. Dist. LEXIS 164263 (W.D. Pa. Dec. 8, 2015); *Pirrone v. NCO Fin. Sys.*, No. 15-4000, 2015 U.S. Dist. LEXIS 163747 (E.D. Pa. Nov. 30, 2015); *Sungsoo Park v. ARS Nat'l Servs.*, No. 15-cv-02867-SDW-SCM, 2015 U.S. Dist. LEXIS 147171 (D.N.J. Oct. 30, 2015); *In re ACB Receivables Mgmt.*, No. 14-cv-6418-FLW-LHG, 2015 U.S. Dist. LEXIS 119812 (D.N.J. Sept. 9, 2015); *Kostik v. ARS Nat'l Servs.*, No. 3:14-CV-2466, 2015 U.S. Dist. LEXIS 95230 (M.D. Pa. July 22, 2015); *Styer v. Prof'l Med. Mgmt., Inc.*, 114 F. Supp. 3d 234 (M.D. Pa. 2015).

> All natural persons with addresses within in the State of New Jersey, to whom, beginning May 8, 2017 through and including the final resolution of this case, Defendants sent one or more letter(s) in attempts to collect a consumer debt, which made visible through the window of the envelope Defendant's business name.

37. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

38. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

39. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are a debt collector under the FDCPA;

    B. Whether Defendants violated the FDCPA;

    C. Whether Plaintiff and the Class are entitled to statutory damages.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

41. Plaintiff's claims are typical of the claims of the members of the Class.

42. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

43. Plaintiff does not have interests antagonistic to those of the Class.

44. The Class, of which Plaintiff is a member, is readily identifiable.

45. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

46. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

47. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VII. COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

51. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

52. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

53. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

54. The ECM Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

55. The letters sent by Defendant to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

56. The ECM Letter was sent by Defendant to Plaintiff in an attempt to collect the Debt.

57. The letters were sent by Defendants to other New Jersey consumers in an attempt to collect the debts.

58. As described above, Defendants violated the FDCPA.

59. The violations of the FDCPA described herein constitute *per se* violations.

60. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Donna L. Schultz, on behalf of herself and others similarly situated, demands judgment against Defendants, Executive Credit Management, Inc., Donald Meltz and Barbara Meltz as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## IX.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*

Dated: May 8, 2018